Mr. Robert A. Newcomb 400 W. Capitol Regions Ctr., Suite 1700 P.O. Box 149 Little Rock, AR 72203-0149
Dear Mr. Newcomb:
You have requested an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), a section of the Freedom of Information Act (FOIA), concerning a request that has been made for the release of certain records in the possession of the City of Maumelle.
More specifically, you state that a request has been made for the personnel file of your client, Tanya Gotcher, who is an employee of the City of Maumelle.
I am directed by law to issue my opinion as to whether the custodian's determination regarding the release of the requested records is consistent with the FOIA. A.C.A. § 25-19-105(c)(3)(B). You have not indicated whether the custodian of the records has determined that the requested records should be released. You have also not provided copies of the records that have been requested. For these reasons, I cannot issue a conclusive opinion concerning this matter. However, I will set forth the pertinent provisions of law, upon the basis of which you will able to determine whether the records that have been requested should be released.
The records contained in Ms. Gotcher's personnel file most likely are either "personnel records" or "employee evaluation or job performance records," within the meaning of the FOIA. It will be important to determine, factually, which of these two categories applies to the records in the file, because the standard for disclosing the two types of records differs.
Employee Evaluation or Job Performance Records
If any of the records in the personnel file constitute "employee evaluation or job performance records," they should not be released.
Under the FOIA, "employee evaluation or job performance records" can be released only if the following conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
A threshold question, therefore, is whether any of the records in the file constitute "employee evaluations or job performance records." The FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. Although I cannot formulate an official definition for undefined statutory language, I note that the Attorney General has consistently taken the position that records which detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents are properly classified as employee evaluation or job performance records.See, e.g., Ops. Att'y Gen. Nos. 99-359; 98-006; 97-222; 95-351; 94-306; 93-055. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
If it is determined factually that any of the records in Ms. Gotcher's file do constitute "employee evaluation or job performance records," those records should not be released, because you indicate that Ms. Gotcher has not been terminated or suspended. Therefore, the first requirement under the standard for releasability has not been met.
Personnel Records
Some of the requested records may constitute "personnel records."
Under the provisions of the FOIA, "personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(10).
The FOIA does not define the term "personnel records." However, the Attorney General has consistently taken the position that "virtually all records pertaining to individual employees," and that are not employee evaluation or job performance records, constitute "personnel records."See, e.g., Op. Att'y Gen. No. 99-054, citing Watkins, The ArkansasFreedom of Information Act, (mm Press 2d ed. 1994) at 125.
If it is determined factually that any of the records in Ms. Gotcher's file constitute "personnel records," a determination must then be made as whether the release of those records would constitute a "clearly unwarranted invasion of personal privacy." In determining whether the disclosure of particular records would constitute a "clearly unwarranted invasion of personal privacy," the Arkansas Supreme Court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
The question of whether a "clearly unwarranted invasion of personal privacy" has occurred is a question of fact. See Op. Att'y Gen. No.98-001. Unless it can be factually established that the release of these records would constitute a clearly unwarranted invasion of Ms. Gotcher's personal privacy, the "personnel records" exemption will not apply to these records, and they should be released. (It should be noted that certain information, such as Ms. Gotcher's social security number, and any unlisted telephone numbers, must be redacted from these records prior to their release. Ms. Gotcher's home address and listed telephone number can also be redacted if the facts are such that she has a heightened privacy interest in this information [e.g., if it is likely to be used to harass her and its disclosure does not further the purposes of the FOIA]. See Stilley v. McBride, 332 Ark. 306, 965 S.W.2d 125 (1998); Ops. Att'y Gen. Nos. 99-049; 99-016.)
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh